UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LISA MARIE B.,

        Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

Case No. C19- 6009-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income ("SSI") benefits. Plaintiff contends the administrative law judge ("ALJ") erred in rejecting the opinion of an examining psychologist. (Dkt. # 10.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.    BACKGROUND

Plaintiff was born in 1982, has an eighth-grade education[1], and has not worked for any substantial period of time. AR at 48, 52, 161-62, 170. On June 23, 2014, Plaintiff protectively

---

[1] Plaintiff's Disability Report (Form SSA-3368) states she has a ninth-grade education (AR at 175), however, she testified that she only completed the eighth grade (*id.* at 48).

ORDER - 1

applied for benefits, alleging disability as of January 1, 1997.[2] *Id.* at 27, 152. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 89, 95. After the ALJ conducted a hearing on January 3, 2017, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 27-38.

Utilizing the five-step disability evaluation process,[3] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since June 23, 2014, the application date.

Step two: Plaintiff has the following severe impairments: spine disorder, gastrointestinal disorder, depressive disorder, and anxiety disorder (20 CFR 416.920(c)).

Step three: These impairments do not meet or equal the requirements of a listed impairment.[4]

Residual Functional Capacity: Plaintiff has the capacity for work that involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; pushing or pulling similar amounts; standing and/or walking for a total of no more than four hours per work day; sitting for up to six hours; no climbing of ropes, ladders, or scaffolding; no more than occasional ability to perform all other postural activity; no exposure to hazards, such as dangerous moving machinery and unprotected heights; no operation of a commercial or motor vehicle; ready access to a restroom within 100 yards of a workstation, to be used during regularly-scheduled breaks; the ability to understand, remember, and carry out no more than simple instructions; no more than occasional interaction with supervisors and coworkers, but no more than superficial incidental contact with the public, such as sharing common areas like hallways and elevators; the ability to concentrate, persist, and maintain pace requiring no assembly-line work; and work that requires a routine work setting.

Step four: Plaintiff has no past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 27-38.

---

[2] Plaintiff's adjudicated period for her SSI claim begins on her protective filing date. 20 C.F.R. §§ 416.110, 416.330, 416.355.

[3] 20 C.F.R. § 416.920.

[4] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ORDER - 2

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 13-15. Plaintiff appealed the final decision of the Commissioner to this Court.

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id*.

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.     DISCUSSION

**A.     The ALJ Did Not Err in Evaluating the Opinion of an Examining Psychologist**

*1.     Legal Standards*

If an ALJ rejects the opinion of an examining physician or psychologist, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988); *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir. 1995). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick*, 157 F.3d at 725 (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than merely state his/her conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*. (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

The ALJ considered the medical opinions of examining psychologist William Weiss (AR at 35), Norman Barkatullah, PA-C (*id.*), State agency psychological consultant John Wolfe (*id.*), and State agency medical consultant Gordan Hale (*id.* at 35-36). Plaintiff only challenges the ALJ's evaluation of Dr. Weiss. (Dkt. # 10 at 3-8.) Because Dr. Weiss' opinion is contradicted by other medical opinions, the ALJ was required to provide specific and legitimate reasons for rejecting it. The Court finds the ALJ provided sufficient reasons to discount Dr. Weiss' opinion for the reasons discussed below.

*2.     William U. Weiss, Ph.D.*

On April 20, 2015, Dr. Weiss performed a psychological consultative evaluation of Plaintiff. AR at 602-08. Dr. Weiss opined, *inter alia*, that Plaintiff had adequate abstract

thinking, less than adequate judgment, and impaired recent memory. *Id.* at 605-06. He opined Plaintiff's memory problems appeared related to her severe major depression and anxiety. *Id.* at 608. He also opined Plaintiff's sustained concentration and persistence were severely impaired by her major depressive disorder and anxiety disorder. *Id.* at 608. Dr. Weiss further opined Plaintiff's social interaction was markedly impaired, and her adaption was severely impaired. *Id.* Dr. Weiss diagnosed Plaintiff with major depressive disorder, recurrent episode, and severe and generalized anxiety disorder with panic attacks, among other diagnoses regarding her physical impairments. *Id.* Dr. Weiss also reported that at the time of the evaluation, Plaintiff was in psychotherapy and currently taking medications. *Id.* at 607-08. Dr. Weiss concluded Plaintiff's impairments were likely long term and prevented her from currently maintaining gainful employment or maintaining gainful employment in the future. *Id.* at 608.

The ALJ assigned Dr. Weiss' opinion no weight for two reasons. AR at 35. First, the ALJ found Dr. Weiss' opinion was noticeably contradictory to the mental status examination findings reported by Plaintiff's treatment providers that were remarkably normal, except for self-reports of audio and visual hallucinations. *Id.* In support of this finding, the ALJ detailed these largely normal findings earlier in the decision. Specifically, the ALJ noted Plaintiff was diagnosed with major depressive disorder, recurrent moderate, panic disorder without agoraphobia, and generalized anxiety disorder. (*Id.* at 33 (citing *id.* at 588[5]).) The ALJ also found Plaintiff presented with no acute distress, had normal mood and affect, and had normal memory. (*Id.* (citing *id.* at 499).) The ALJ found that during examinations, Plaintiff was alert, oriented, cooperative, pleasant, and appropriate. (*Id.* (citing *id.* at 597).) The ALJ noted there were times Plaintiff reported being nervous around people, feeling really depressed, and being anxious, but

---

[5] The ALJ cited to AR at 588, however, it appears the list of diagnoses from this assessment is located at AR at 593.

ORDER - 5

1  that Plaintiff also reported stopping her medication during these times. (*Id.* (citing *id.* at 499,

2  634).) Subsequently, Plaintiff reported she was doing "okay," and presented as calm,

3  cooperative, forthcoming, and with intact attention, concentration, and memory, although she did

4  report still seeing shadows and hearing voices. (*Id.* (citing *id.* at 637).)

5        Second, the ALJ found Dr. Weiss appeared to be under the impression that Plaintiff was

6  actively treating her impairments, when in fact the ALJ concluded she was not taking her

7  medications or regularly seeing her therapist. *Id.* The ALJ found this may have altered Dr.

8  Weiss' opinion regarding Plaintiff's long-term unemployability. *Id.*

9        Plaintiff argues that neither of the reasons provided by the ALJ for discounting Dr.

10 Weiss' opinion were specific or legitimate. Plaintiff concedes her mental status examination

11 findings were unremarkable. (Dkt. # 10 at 5-6 (citing AR at 637, 639, 641, 643, 645, 648).)

12 However, Plaintiff argues that her treatment providers consistently recommended increases in

13 her medication doses, including antipsychotic medication, which indicates they were "deeply

14 concerned" despite the normal findings. (*Id.* at 6.) Plaintiff asserts that when these concerns are

15 considered in the greater context of the record, which includes low Global Assessment of

16 Functioning ("GAF') scores, the evidence suggests her providers believed Plaintiff had a

17 "serious" level of impairment. (*Id.*) Plaintiff therefore asserts that even though Dr. Weiss'

18 opinion may seem inconsistent with the mental status examination findings, it is consistent with

19 the providers' opinions themselves. (*Id.* at 6-7.) Plaintiff asserts that because the medical

20 providers who conducted these mental status examinations did not provide medical source

21 statements, the ALJ erred in inferring their opinions based on the mental status examination

22 findings alone. (Dkt. # 12 at 1-2.)

23

Plaintiff also takes issue with the ALJ's reasoning that Plaintiff was not actually seeking treatment at the time of the evaluation despite Dr. Weiss' impression to the contrary. (Dkt. # 10 at 7.) Plaintiff cites to records showing that at the time of the evaluation, she had had three appointments with her counselor and that between March 2015 and December 2015, she never went a month without a mental health appointment. (*Id.* at 7-8 (citing AR at 595, 629, 631-33, 636, 639, 641, 643, 645, 667, 648, 619, 653, 655).) Plaintiff acknowledges that she missed some unspecified appointments leading up to April 2015 but reiterates that she did in fact attend appointments in April and May 2015. (*Id.* (citing, *e.g.*, AR at 630, 632, 633, 636).) Plaintiff therefore argues Dr. Weiss' understanding that Plaintiff was seeking treatment was not a specific and legitimate reasons for discounting his medical opinion.

Lastly, Plaintiff asserts the ALJ's alleged errors in evaluating Dr. Weiss' opinion are harmful because had the ALJ credited Dr. Weiss' opinion as true that Plaintiff had a marked level of impairment in social functioning and severe impairment in concentration, persistence, and adaption, Plaintiff would have been found disabled based on "paragraph B" criteria at step three.[6] (*Id.* at 8 (citing 20 C.F.R. Part 404, Subpt. P, App. 2, Listings 12.04, 12.06).) Plaintiff notes that Dr. Weiss' use of the term "severe" is not sufficiently defined to establish that it constitutes an "extreme" limitation under paragraph B, but argues that given the context, it indicates at least a "marked" level of impairment. (Dkt. # 10 at 8 n.2.)

The Commissioner asserts Plaintiff's argument merely proposes her own interpretation of the medical evidence and is therefore insufficient to overcome the deference given to the ALJ's findings. (Dkt. # 11 at 6.) Further, the Commissioner argues any reliance on low GAF scores is

---

[6] The ALJ found the severity of Plaintiff's mental impairments did not meet or equal the criteria of listing 12.04 or 12.06 at step three. AR at 30. Specifically, the ALJ found Plaintiff had only moderate limitations, not "marked" or "extreme" limitations. AR at 30.

ORDER - 7

unpersuasive given that the GAF scale "does not have a direct correlation to the severity requirements in [the Social Security Administration's] mental disorders listings." (*Id.* (citing *McFarland v. Astrue*, 288 F. App'x 357, 359 (9th Cir. 2008) (additions in original) (quoting 65 Fed. Reg. 50,746, 50,765 (Aug. 21, 2000))).)

The Commissioner also rebuts Plaintiff's argument that she was actively seeking treatment, arguing Dr. Weiss never saw records that directly contradicted this assertion. (Dkt. # 11 at 7-8.) The Commissioner cites to a letter from Plaintiff's therapist dated April 9, 2015, that states she was discontinuing Plaintiff's established recurring appointment due to a "heightened pattern of canceled appointments." (*Id.* at 7 (citing AR at 630).) The Commissioner also cites portions of the record indicating that throughout 2015, Plaintiff reported stopping her medication, self-increasing her medication, and that she had not been to counseling.[7] (*Id.* at 8 (citing AR at 634, 639, 645, 647, 662, 665).)

The Court finds the ALJ did not err in evaluating Dr. Weiss' opinion. Although Plaintiff speculates as to what her treating providers thought about the severity of her impairments based on prescribed medication doses, the ALJ could reasonably find the remarkably normal mental status examination findings from these providers contradicted Dr. Weiss' opinion. The ALJ is entitled to draw reasonable inferences logically flowing from the record. *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (citing *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982)). "Determining whether inconsistencies are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount the opinions of [medical providers] falls within [the ALJ's] responsibility." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603

---

[7] The Commissioner also references Plaintiff's various living situations and relationships, apparently arguing that they undermine her reported difficulties leaving home and socializing. (Dkt. # 11 at 9.) The Court finds this line of argument irrelevant to the ALJ's rejection of Dr. Weiss' opinion based on inconsistencies with mental status examinations findings and an alleged lack of treatment.

ORDER - 8

(9th Cir. 1999). The ALJ provided a detailed summary of both the mental status examination findings and Dr. Weiss' opinion, and concluded they were noticeably different. Plaintiff's proposed interpretation of the medical evidence does not render the ALJ's interpretation irrational and the Court declines to reweigh the evidence in a fashion more favorable to Plaintiff. Accordingly, the Court finds the contradiction between Dr. Weiss' opined severity of Plaintiff's impairments and the numerous unremarkable mental status examination findings was a specific and legitimate reason, supported by substantial evidence, to reject Dr. Weiss' opinion. *Thomas*, 278 F.3d at 954.

With regard to whether Plaintiff was seeking treatment at the time of Dr. Weiss' evaluation, the Court finds the ALJ's interpretation of the evidence was rational. Dr. Weiss' opinion notes that Plaintiff was currently taking medications, including Zoloft, trazodone, propranolol, methocarbamol, and Zofran. AR at 602. Dr. Weiss also stated she was seeing a psychotherapist every two weeks and had been seeing her therapist for six months. *Id.* Although the parties devote significant portions of their briefs disputing what appointments Plaintiff missed or simply rescheduled, and what records Dr. Weiss reviewed or did not review, the Court finds the record supports the ALJ's interpretation. Just eleven days before Dr. Weiss' examination, Plaintiff's therapist represented that Plaintiff had a "heightened pattern of canceled appointments." AR at 630. Similarly, the record shows that just five days before Dr. Weiss' examination, Plaintiff reported that she had stopped taking her medications. *Id.* at 634. Even if Plaintiff was attending some treatment appointments during this time, the ALJ could reasonably find Plaintiff was not regularly maintaining her appointments and not following a consistent medication regimen, distinguishable from Dr. Weiss' apparent impression. Regardless, even if the ALJ did err in discounting Dr. Weiss' opinion based on his impressions of Plaintiff's

ORDER - 9

treatment, any error would be harmless given that the ALJ provided a specific and legitimate reason for discounting Dr. Weiss' opinion, as discussed above. *See Molina*, 674 F.3d at 1117 (error harmless if "inconsequential to the ultimate disability determination").

As noted above, Plaintiff asserts that she would have been found disabled under step three had the ALJ credited as true Dr. Weiss' opinion. Because the Court finds the ALJ did not err in rejecting Dr. Weiss' opinion, the Court need not address this argument. Accordingly, the Court finds the ALJ provided specific and legitimate reasons, supported by substantial evidence, to reject Dr. Weiss' opinion.

## V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 26th day of May, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge